

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**219 SOUTH DEARBORN STREET**
**CHICAGO, ILLINOIS 60604**

**THOMAS G. BRUTON**
**CLERK**

**312-435-6860**

August 24, 2021

Samuel S. Bae
Law Office of Samuel S. Bae
1700 West Higgins Road
Suite 240
Des Plaines, IL 60018

Sharon Finegan Patterson
Le Clair Ryan of Counsel
77 W. Washington Street
Suite 1613
Chicago, IL 60602
sharon.finegan.patterson.law@gmail.com

James P. Balog
O'Hagan Meyer, LLC
One E. Wacker Drive
Suite 3400
Chicago, IL 60601
jbalog@ohaganmeyer.com

        **In re:   Bernard v. Wal-Mart Stores et al., Case No. 14 CV 10233**

Dear Counsel:

It has been brought to my attention that Judge James Zagel, who presided over the above-mentioned case and is now retired, may have owned stock in Wal-Mart. We have no reason to believe that his ownership of stock affected or impacted his decisions in this case. However, his stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, I notify the parties of the conflict.

Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A]judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek, and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision. Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

With Advisory Opinion 71 in mind, you are invited to respond to this disclosure of a conflict in this case. Should you wish to respond, please submit your response on or before August 31, 2021. Any response will be considered by another judge of this court without the participation of Judge Zagel.

                                Sincerely,

                                Thomas G. Bruton

                                Clerk of Court